**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **IN RE:** | ) | **CASE NO. 23-30622** |
|     **Antonia S Webb** | ) | |
|         **Debtor.** | ) | **Chapter 7** |
| | ) | |
| _____ | ) | |
| | ) | |
|     **Antonia S Webb** | ) | |
|     , | ) | |
|         **Plaintiff,** | ) | |
| **v.** | ) | **Adversary No.** |
|     **Department of Education,** | ) | |
|     **NELNET** | ) | |
|         **Defendants.** | ) | |
| | ) | |
| | ) | |

**DEBTOR'S COMPLAINT TO DETERMINE**
**DISCHARGEABILITY OF EDUCATION LOANS**

    COMES NOW Antonia S Webb, Debtor/Plaintiff, herein and for their Complaint against NELNET, Defendant, and pray for entry of a judgment determining the dischargeability of student loans and states as follow:

**I. JURISDICTION**

1.     This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §1334 and 157.

**II. VENUE**

2.     Venue of this proceeding lies in the Bankruptcy Court for the SOUTHERN DISTRICT OF ILLINOIS, Southern District, pursuant to 28 U.S.C. §1409(a) in that **Antonia S**

**Webb**, Debtor herein, initiated a voluntary petition under Chapter 7 of the Bankruptcy Code on **08/31/2023**, and such case continues to be pending as of the date of this complaint.

### III. CORE PROCEEDING

3. This is a core proceeding under 28 U.S.C. §157(b)(2)(K).

### IV. CASE FACTS

4. On or about **08/31/2023**, Debtor herein filed a voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code. Donald M. Samson is the Trustee appointed to serve in this case.

5. On the date of the bankruptcy petition herein, the above named student loan was incurred by debtor from **NELNET.** She lists a student loan balance of $38,656.00. The loans are currently in forbearance.

6. Plaintiff states that her student loan debt should be discharged because requiring payment will cause an "undue hardship" for her and her children. Plaintiff states that she is a single mother, in a household consisting of herself and her three daughters (aged 11, 14 and 19).

7. Plaintiff is currently employed as a Warehouse Operator with World Wide Technology Holding Co, LLC. She earns approximately $2,813.89 per month and has current monthly expenses of $3,200. Ms. Webb's monthly household expenses do not exceed the allowed amounts as prescribed by the IRS Living Standard: The actual expenses are less than the amount allowed by the IRS Local Standards. Accordingly, they are consistent with a minimal standard of living.

8. Ms. Webb's allowed expenses of $3,200.00 exceed her monthly income of $2,813.89. Because her allowed expenses exceed her income, she currently does not have sufficient means to pay her student loans while maintaining a minimal standard of living.

9. In the light of present circumstances that Ms. Webb being a single mother with three dependents to take care of supports the conclusion that she lacks a future ability to pay. Ms Webb's financial circumstances are unlikely to change and therefore she will remain unable to pay the student loans in future.

10. Ms. Webb reflects that she has maximized income by obtaining full-time employment, minimized expenses, and has not willfully attempted to avoid repaying her loans and therefore is entitled to a discharge of her student loans. She does not have a current ability to pay her loans while maintaining a minimal standard of living; this inability is likely to persist into the future. In addition, she does not have any assets that are reasonably available for liquidation.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter its judgment and Order that due to undue hardship under Section 523(a)(8) the Court grant her a judgment discharging her loans.

**RESPECTFULLY SUBMITTED,**
A&L, Licker Law Firm
By: /s/ Tobias Licker
Tobias Licker, 56778
Attorneys for Debtors
1861 Sherman Dr.
St. Charles, MO 63303
Tel: (636) 916-5400
Fax: (636) 961-5402
E-Mail: Tobias@lickerlawfirm.com